IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO MORRIS on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> WATCHLAB STUDIOS, LLC AND HEATHER MCENEANY, INDIVIDUALLY <br><br> Defendants. | No. 19-cv- <br><br> **District Judge** <br><br> Magistrate Judge <br><br> <u>*JURY DEMAND*</u> |

## COMPLAINT

NOW COMES Plaintiff, **MARIO MORRIS,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for his Complaint against Defendants **WATCHLAB STUDIOS, LLC,** states as follows:

**I.  NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Cook County Minimum Wage Ordinance of the Municipal Code of Cook County § 42-11 *et seq,* and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**II.  JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, the Cook County statutory claim and the Chicago municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and were each a resident of this

district and Defendant is or was engaged in business in this district.

### III.  THE PARTIES

3. Defendant, **WATCHLAB STUDIOS, LLC,** (hereinafter referred **"WATCHLAB"**), is a marketing research company that provides services to corporate clients. **WATCHLAB'S** Chicago location is located at 1 East Erie Street, Suite 600 in downtown Chicago. Defendant **WATCHLAB** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **HEATHER MCENEANY,** is a vice president and principal of **WATCHLAB'S** Chicago, Illinois location. In her capacity as vice president, **MCENEANY** was vested with the authority to implement and carry out the wage and hour practices of **WATCHLAB**. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to **MCENEANY** and **MCENEANY** in turn responded to those communications with the authority described above. Thus, at all times relevant hereto **MCENEANY** was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Plaintiff, **MARIO MORRIS** (hereinafter referred to as "Plaintiff" or "named Plaintiff"), is a former employee who worked for Defendants at the Erie Street location as a recruiter from approximately September 2016 until July 8, 2019. Plaintiff was employed as a non-exempt hourly employee and performed duties related to recruiting candidates to

participate in focus groups and other market research projects. The named Plaintiff worked over 40 hours per week but was paid only at his straight time rates of pay for overtime-eligible hours.

6. Additionally, Plaintiff performed work during meal breaks, as well as before and after his regular shift, that was not recorded or accounted for by Defendants' time keeping system (hereinafter referenced as "work off the clock").

7. Lastly, even though Plaintiff worked through his meal breaks, Defendant automatically deducted approximately thirty (30) minutes per workday to account for a meal break that Plaintiff was never afforded.

8. Some of the work off the clock performed by Plaintiff, as well as the automatically deducted meal break, should have been compensated at Plaintiff's overtime rate of pay.

9. All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants, were paid hourly and also performed work off the clock during and at the end of their shifts and during unpaid meal breaks as described above.

10. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

**Collective Action Under The Fair Labor Standards Act**

11. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of

himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

12. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Cook County Minimum Wage Ordinance**

13. Pursuant to the Cook County Minimum Wage Ordinance ("CCMWO"), Municipal Code of Cook County § 42-11, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CCMWO are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

14. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

15. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

16. During Plaintiff's employment, Defendants paid Plaintiff approximately $18.00 per hour.

17. Plaintiff was employed by Defendants as a recruiter, as described above, from approximately September 2016 until July 8, 2019. Plaintiff performed recruiting duties including, but not limited to, sourcing candidates from different databases provided to him by Defendants, contacting candidates by phone and email, and communicating with candidates to ensure their attendance and participation in marketing research events.

18. Plaintiff worked at Defendants' downtown Chicago office for approximately the first year of his employment. Plaintiff worked primarily out of his home office for the remainder of his employment, with occasional travel to the downtown office.

19. Plaintiff was paid bi-monthly on the 15th and 31st of each month.

20. During the first approximately eight (8) months of Plaintiff's employment, his assigned shift was 10:00 a.m. to 6:00 p.m., at least five (5) days per week.

21. During the remainder of Plaintiff's employment, his assigned shift was 11:00 a.m. to 7:30 p.m., at least five (5) days per week.

22. Plaintiff almost always worked in excess of forty (40) hours in a work week but was only paid his straight time rate of pay for such hours.

23. Additionally, Plaintiff performed significant amounts of work before and after his shift that was not captured by Defendants' time-keeping system. Plaintiff was specifically instructed by Defendants' management employees not to clock more than forty (40) hours

5

per week. Plaintiff's job duties, as assigned by Defendants, required Plaintiff to communicate frequently with Defendants' employees, management, clients and candidates before and after his scheduled shift times via phone, email and instant message, all to the benefit of the Defendants; however, Plaintiff was not paid for this time worked.

24. Plaintiff estimates that he accumulated approximately three (3) hours per week that were not captured by Defendants' time-keeping system. Most, if not all, of Plaintiff's hours worked off the clock for the benefit of the employer should have been paid at an overtime rate of time and one-half.

25. Defendants also improperly deducted approximately thirty (30) minutes from Plaintiff's pay each workday to account for a meal break that Plaintiff did not take because he was constantly interrupted by Defendants' employees, clients and candidates to address work-related issues. Most, if not all, of the meal break time that was improperly deducted from Plaintiff's pay should have been paid at an overtime rate of time and one-half.

26. Plaintiff raised the various wage and hour violations, as described above, to the attention of Defendants, including Defendant McEneany, on multiple occasions but Defendants failed to address or remedy their non-compliant pay practices.

27. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes herein relied upon.

28. Plaintiff, and members of the Plaintiff Class, were paid for all hours, including those in excess of (40) in a workweek, at straight-time rates of pay instead of at time and one-half.

29. The named Plaintiff, and members of the described Plaintiff Class, were required and specifically instructed by Defendants' management employees not to report more than forty (40) hours each workweek, therefore performing work off the clock without compensation, all to the benefit of the Defendants. The named Plaintiff, and members of the Plaintiff Class as described, were required to perform certain duties in the mornings, afternoons and evenings before Defendants started and after Defendants stopped recording compensable work time.

30. Defendants have both in the past, and currently, willfully employed members of the Plaintiff Class, including the named Plaintiff, requiring work to be performed during their meal break without pay for that time.

31. This additional work performed to the benefit of the employer without pay is in violation of the requirements of the federal, state, county and municipal statutes herein relied upon.

32. In some instances, that unpaid time should have been compensated at time and one-half the workers' regular hourly rate because if the unpaid time was properly treated as compensable, the named Plaintiffs and other members of the Plaintiff Class would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates.

33. The total amount of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lacks the records

required by 29 CFR Part 516, Plaintiffs and the Plaintiff Class will be capable of providing reasonable estimates of that time, as permitted by law.

34. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present hourly employees who were subject to the same non-compliant policies and practices alleged herein.

35. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "Class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-35. Paragraphs 1 through 35 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 35 of this Count I.

36. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

37. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-37. Paragraphs 1 through 37 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of Count II.

38. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

39. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one

9

and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-39. Paragraphs 1 through 39 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 39 of Count III.

40. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

41. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-41. Paragraphs 1 through 41 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of this Count IV.

42. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

43. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

44. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE COOK COUNTY MINIMUM WAGE ORDINANCE

1-44. Paragraphs 1 through 44 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 44 of this Count V.

45. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the CCMWO § 44-12 of the Municipal Code of Cook County and were not exempt from the overtime provisions of the CCMWO §§ 44-15.

46. Defendants were each an "employer" as defined in the CCMWO § 44-12.

47. Under § 44-15, for all weeks during which Plaintiffs, and members of the Plaintiff Class, worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of 40.

48. Defendants' failure and refusal to pay wages for all hours worked in excess of 40 per week was a violation of the maximum hour provision of the CCMWO § 44-15.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, respectfully requests this Court to enter an order awarding:

(a) judgment in the amount of overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b) statutory interest damages in the amount of three times the amount of unpaid wages;

(c) reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-48. Paragraphs 1 through 48 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 48 of this Count VI.

49. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

50. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

51. Under § 1-24-040, for all weeks during which Plaintiffs and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay for all such hours.

52. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week for all such hours over 40 was a violation of the maximum hour provisions of the CMWO § 1-24-040.

WHEREFORE, Plaintiff, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiff and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b) statutory interest damages in the amount of three times the amount of unpaid overtime;

(c). reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) such other and further relief as this Court deems just under the circumstances.

Respectfully submitted,

*Electronically Filed 9/13/2019*

*s/John W. Billhorn*

_____
John William Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450